**UNITED STATES BANKRUPTCY COURT**

**IN THE NORTHERN DISTRICT OF NEW YORK**

In re:

    Educational Services & Products, LLC          Case No. 08-11400
                                                                      Chapter 11 filed 4/30/2008

    Debtor.

**FIFTH THIRD BANK'S OBJECTION TO APPLICATION FOR APPROVAL OF PURCHASE AND SALE AGREEMENT AND OBJECTION TO THE USE/SALE OF CASH COLLATERAL AND DEMAND FOR ADEQUATE PROTECTION**

NOW COMES Fifth Third Bank (the "Bank"), through local counsel (Miller & Meola) and states as follows in response to Debtor's Application for Approval of Purchase and Sale Agreement for Selected Accounts Receivable to Prestige Capital Corporation:

1.    The Debtor filed its Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on or about April 30, 2008.

2.    Debtor is indebted on a direct basis to the Bank has follows:

    2.a    A Term Loan Note dated July 30, 2007, with loan number 090-5667697-34 from Debtor to Bank in the original principal amount of $900,000.00 (Note #1).

    2.b    An Original Revolving Line of Credit Note dated July 30, 2007, with loan number 090-5667697 from Debtor to Bank in the original principal amount of $600,000.00 (Note #2). Both Notes are attached as **Exhibit A**.

3.    The above Promissory Notes as well as all other obligations of Debtor to Bank are secured by a security interest in all of debtor's "presently owned or hereafter acquired personal property of every kind and nature including without limitation (1) accounts (including health care-insurance receivables), chattel paper (whether tangible or electronic), documents, contracts, agreements, instruments (including promissory notes), general intangibles (including payment intangibles), securities and all other investment property, deposit accounts, letter of credit rights

(whether or not the letter of credit is evidence by a writing), commercial tort claims, supporting obligations, any other contract rights or rights to the payment of money, insurance claims and proceeds; and (2) all goods, including equipment, inventory and accessions thereto," and all proceeds and products of the foregoing (collectively referred to as the "Collateral"). Security Agreement attached as **Exhibit B**.

4. The Bank perfected it security interest in the foregoing Collateral pre-petition by filing a financing statement with the Michigan Secretary of State UCC Division and the New York State Department of State UCC Division on or about March 27, 2008. **Exhibit C**.

5. Based on applicable facts and law, the debtor will not be able to avoid the Bank's security interest in the Collateral.

6. Debtor has failed to pay the amounts due under the Promissory Notes. The total amount due the Bank on the direct indebtedness as of the date of Petition was approximately $1,542,300.00, the amount of which continues to accrue interest at the rate of $440.00 per day. In addition to the foregoing, Debtor is obligated to Bank for all its costs and expenses including its costs of counsel.

7. Debtor has retained possession of its assets and its continued operation of management of its business as a Chapter 11 Debtor-in-Possession.

8. Certain of the Collateral, including but not limited to the accounts receivable at issue, constitutes "cash collateral" within the meaning of 11 USC §363(a).

9. Pursuant to the Bankruptcy Code, Debtor is not permitted to use or sell cash collateral without the consent of secured creditors such as Bank, or Order of this Court. 11 USC §363(c).

10. Pursuant to 11 USC §363(e), Bank is entitled to adequate protection if Debtor intends to sell and/or use the Collateral.

11. Debtor has the burden of proof of establishing adequate protection, 11 USC §363(p)(1), and it has totally failed to indicate any adequate protection in favor of Bank in its Motion.

12. Such adequate protection should include, among other things, the following:

    i) Payments on the indebtedness.

    ii) Debtor granting to Bank a post-petition, replacement security interest and/or lien in all after-acquired property and/or cash collateral of the same type as the Collateral that is subject to Bank's prepetition security interest and/or liens.

    iii) Agreement by Debtor that if the adequate protection granted in this Agreement fails to insulate Bank from post petition loss, then Bank would be entitled to an administrative expense claim superior to all other administrative expense claims as permitted by 11 USC 507(b).

13. This Court should deny Debtor's request to sell the accounts receivable unless such request is conditioned on Debtor providing adequate protection of Bank's interest in the Collateral.

**WHEREFORE**, Bank requests that this Court enter and Order denying Debtor's Application for Approval of Purchase and Sale Agreement for Selected Accounts Receivable to Prestige Capital Corporation, or in the alternative condition such Application on the granting of adequate protection in favor of Bank, and granting such further or different legal or equitable

relief as this Court deems just.

Dated: Albany, New York
       May 9, 2008

                                  **MILLER & MEOLA**
                                  A Professional Corporation

             By:    */s/ John M. Dubuc*
                        John M. Dubuc
                        #510592
                        Attorney for Fifth Third Bank
                        14 Corporate Woods Boulevard
                        Albany, New York 12211
                        Phone: (518) 465-7591

TO:  **RICHARD L. WEISZ, ESQ.**
      Attorney for Debtor
      677 Broadway
      Albany, New York 12207

      **UNITED STATES TRUSTEE**
      74 Chapel Street, Suite 200
      Albany, New York 12207

      **EDUCATIONAL SERVICES & PRODUCTS, LLC**
      Debtor
      19 Dove Street, Suite 104
      Albany, New York 12210-1346