UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 08-11400 |
| EDUCATIONAL SERVICES & PRODUCTS, LLC, | Chapter 11 |
| Debtor. | |
| In re: | Case No. 08-11047 |
| STRATEGIC GOVERNMENTAL SOLUTIONS, INC., | Chapter 7 |
| Debtor. | |

**OPPOSITION TO THE MOTION TO APPROVE
SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE
OF STRATEGIC GOVERNMENTAL SOLUTIONS, INC. AND
MECCATECH, INC. PURSUANT TO BANKRUPTCY RULE 9019(a)**

Clare W. Bronfman and Sara R. Bronfman ("Bronfmans"), by their attorneys Damon & Morey LLP, pursuant to Bankruptcy Rule 9019, hereby object to the Motion to Approve Settlement Agreement Between the Trustee of Strategic Governmental Solutions, Inc. and Meccatech, Inc. Pursuant to Bankruptcy Rule 9019(a) and respectfully state as follows:

1. On April 7, 2008, Strategic Governmental Solutions, Inc. ("SGS") filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the Northern District of New York. On that same day, Philip J. Danaher was appointed as the Chapter 7 Trustee of the SGS estate (the "SGS Trustee").

2. On April 30, 2008, Educational Services Products, LLC ("ESP") filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Northern District of New York. ESP remains the debtor-in-possession, and no trustee has been appointed in the ESP bankruptcy case.

3. On June 30, 2008, Joseph J. O'Hara ("O'Hara") filed an individual voluntary petition under Chapter 7 of the Bankruptcy Code in the Northern District of New York.

4. Upon information and belief, O'Hara was the one hundred percent owner of SGS and partial (but majority) owner of ESP. Both SGS and ESP were controlled, managed and operated by O'Hara.

5. Upon information and belief, on July 31, 2008, this Court entered an Order in both the SGS and ESP bankruptcy cases approving the sale of certain assets of ESP and SGS for the price of $100,000.00 which sum is being held by the SGS Trustee pending further orders of the Court.

6. In February 2009, O'Hara appeared for a 2004 Examination which was conducted jointly by the Bronfmans and Douglas J. Wolinsky ("O'Hara Trustee"). The 2004 Examination has been continued; however, despite several requests, O'Hara has not provided the Bronfmans or the O'Hara Trustee with a date for the continued examination.

7. Additionally, in February 2009, the Bronfmans and the O'Hara Trustee conducted examinations of third parties, whom they believed possessed information regarding the numerous businesses operated, owned and controlled by O'Hara.

8. The Bronfmans and O'Hara Trustee continue to examine the debtor and third parties in order to determine if O'Hara has additional assets and what rights, if any, the Bronfmans and O'Hara Trustee have in connection with any of business entities owned by O'Hara.

9. The Bronfmans have filed a proof of claim for at least $2 million in the O'Hara bankruptcy, the SGS bankruptcy and the ESP bankruptcy.

10. The O'Hara Trustee has also filed a Proof of Claim in the SGS bankruptcy.

11. Both the Bronfmans and the O'Hara Trustee continue to develop facts to determine what, if any, rights they have directly to funds which are subject to this settlement (including via constructive trust and/or equitable lien).

12. Based on the lack of information made available to the Bronfmans by O'Hara, they are unable to determine whether they and/or the O'Hara Trustee have direct rights in any of the funds sought to be distributed in the settlement, nor do they possess sufficient information to determine the reasonableness of the proposed settlement.

13. For example, the Bronfmans object to the joint administration of the SGS and ESP assets. Based on testimony obtained by the Bronfmans and the O'Hara Trustee, it is unlikely that ESP has any rightful claim to the assets that are being distributed to ESP and SGS creditors. According to the accountant's 2004 examination testimony, ESP did not start operating until January 2008, mere months before filing its Chapter 11. Upon information and belief, many of ESP debts were incurred prior to 2008. Despite being operational for only four months, ESP lists unsecured liabilities in the amount of $13,611,680.68 and lists assets (which comprise mostly lawsuits) in the amount of $31,571,921.50. Thus, ESP's schedules imply assumption of debts without adequate consideration, similarly reversible transaction, or actual fabrication.

14. Upon information and belief, ESP's assets are assets of SGS which were transferred for no consideration. In fact, SGS continued in existence until the end of December 2007 and only then ESP came into existence. Therefore, the Bronfmans require additional time to determine the reasonableness (and bona fides) of this settlement.

15. Additionally, the Bronfmans are concerned with the purported secured claim of MeccaTech for which no perfection has been proffered or alleged.

3

16. Upon information and belief, MeccaTech is another billing service which commenced litigation against SGS and others for CIVIL Rico damages.

17. Upon information and belief, MeccaTech does not have a filed UCC financing statement which would entitle it to any secured claim.

18. The Bronfmans object to the settlement because it (1) unfairly seeks to elevate the MeccaTech claim from an unsecured claim to a secured claim; (2) seeks to pay the administrative expenses and tax obligations of ESP; (3) provides a substantial carve out for administrative expenses in SGS; and (4) leaves minimal distributions to creditors such as the Bronfmans and the O'Hara Trustee.

19. The O'Hara Trustee has advised that he concurs with the opposition stated herein.

WHEREFORE, the Bronfmans respectfully request that this Court deny (without prejudice) the Motion to Approve Settlement Agreement Between the Trustee of Strategic Governmental Solutions, Inc. and Meccatech, Inc. Pursuant to Bankruptcy Rule 9019(a) until the O'Hara Trustee and others with direct or indirect rights can properly examine the settlement for reasonableness and fairness and for such other and further relief as the court deems just and proper.

DATED:   March 13, 2009
         Buffalo, New York            DAMON & MOREY LLP

                                      By:  /s/Beth Ann Bivona
                                           William F. Savino
                                           Beth Ann Bivona
                                      *Attorneys for Sara Bronfman and
                                      Clare Bronfman*
                                      1000 Cathedral Place
                                      298 Main Street
                                      Buffalo, New York 14202-4096
                                      (716) 856-5500

#1315155