RECEIVED & FILED
JUL 31 2009
OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

RECEIVED
JUL 31 2009
OFFICE OF THE BANKRUPTCY JUDGE
ALBANY, NY

JUL 31 2009        SO ORDERED

_____
Chief U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re:

EDUCATIONAL SERVICES & PRODUCTS, LLC,                        Case No. 08-11400
                                                             Chapter 11
                    Debtor.

In re:

STRATEGIC GOVERNMENTAL SOLUTIONS, INC.,                      Case No. 08-11047
                                                             Chapter 7
                    Debtor.

---

### ORDER APPROVING SETTLEMENT

Upon the Application of Philip J. Danaher, Esq., Chapter 7 Trustee for Strategic Governmental Solutions, Inc. ("SGS"), dated July 9, 2009 (the "Application") seeking approval of a settlement of various claims, including the claims of Fifth Third Bank, MeccaTech, Inc. and Douglas J. Wolinsky, Esq., Chapter 7 Trustee for the Estate of Joseph O'Hara, and to make such settlement binding on Educational Services and Products, LLC ("ESP"), the Estate of Joseph

1595219.7 7/31/2009

O'Hara and SGS and upon the filing of Objections thereto by Clare W. Bronfman and Sara R. Bronfman (the "Bronfmans"), represented by Damon Morey LLP, William F. Savino, Esq. and Beth Ann Bivona, Esq. of Counsel; Professional Assistance Support Services, LLP, Mike Martin, Ed Kear and Vince Lane (the "PASS Objectants"), represented by David L. Ganje, Esq. of Counsel; Douglas J. Wolinsky, Esq. (the "O'Hara Trustee"), Chapter 7 Trustee for the Joseph O'Hara Estate (the "O'Hara Estate") (Case No. 08-12108) (the "O'Hara Chapter 7 Case"); Innovative Solutions Group Cos., LLC ("ISG"), represented by McNamee, Lochner, Titus & Williams, P.C., Peter A. Pastore, Esq. of Counsel, and Hahn & Hessen, LLP, Gilbert Backenroth, Esq. of Counsel; Patrick C. Baril, pro se; Jay Bertoch, pro se; Tami K. Ashworth, pro se and Robert D. Fischl, pro se; and upon the appearance of the Movant by Deily, Mooney and Glastetter, LLP, Mark D. Glastetter, Esq. of Counsel, attorneys for Philip J. Danaher, Esq., Chapter 7 Trustee for Strategic Governmental Solutions, Inc. (the "SGS Trustee"); Hodgson Russ LLP, Richard L. Weisz, Esq. of Counsel, attorneys for the Chapter 11 Debtor Educational Services & Products, LLC; Bond, Schoeneck & King, PLLC, Stephen A. Donato, Esq. of Counsel, attorneys for MeccaTech, Inc.; Miller & Meola, John M. Dubec, Esq. of Counsel, local counsel for Fifth Third Bank; Douglas J. Wolinsky, Esq., Chapter 7 Trustee for the Joseph O'Hara Estate; Damon Morey LLP, William F. Savino, Esq. and Beth Ann Bivona, Esq. of Counsel, attorneys for the Bronfmans; David L. Ganje, Esq., attorney for the PASS Objectants; McNamee, Lochner, Titus & Williams, P.C., Peter A. Pastore, Esq. of Counsel, attorney for ISG; Ehrlich & Arcodia, P.C., Anthony Arcodia, Jr., Esq. of Counsel, attorneys for former employees Michael Eader, Romona Soppe, Marilyn Madsen, Lori Reif, Jennifer Clark, William Nelson, Tammie Moss, Adrianna Sawesky, and Leslie Van Groll, including Patrick C. Baril and Jay Bertoch; and the Office of the United States Trustee, Kevin Purcell, Esq. of Counsel; and it

appearing to the Court, after the payment of certain claims as set forth herein, that the settlement will generate in excess of $450,000.00 for the SGS and ESP Estates, and transfer responsibility for the payment of administrative and priority claims of Joseph O'Hara (being ESP Claim No. 76-1; and claim as reflected on ESP Schedule E and referenced in the O'Hara Trustee's objection in the ESP case, docket no. 198 and in the SGS case, docket no. 105; collectively the "O'Hara Claims") from the SGS and ESP Estates to the O'Hara Estate, and generate a payment of $1,800,000.00 for MeccaTech, Inc. (the "MeccaTech Payment") and $550,000.00 for Fifth Third Bank (the "Fifth Third Payment"), less certain sums set forth below that MeccaTech, Inc. and Fifth Third Bank shall pay to the O'Hara Trustee , and thereby avoid expensive litigation with an uncertain result, and in particular will settle a disputed fully secured claim filed by Fifth Third Bank in excess of $1,300,000.00 and a disputed claim for constructive trust on all of the assets of the Debtors SGS and ESP held by MeccaTech, Inc. in the amount of $23,990,980.00, subject to MeccTech's rights retained by this settlement, and shall further resolve claims between and among the SGS, ESP, Joseph J. O'Hara and the O'Hara Estate as provided in this Order, and for good cause shown, and upon the withdrawal of the Objections of the Bronfmans, the O'Hara Trustee, ISG, Joseph J. O'Hara and the PASS Objectants based on the provisions of this Order, and overruling the Objections filed by the other parties, and the Office of the United States Trustee not objecting to the proposed settlement, and for good cause shown, it is hereby

    1.    ORDERED, that the proposed settlement is approved as further modified by the terms of this Order, the Court having concluded that the proposed settlement as so modified is above the lowest point of reasonableness and that it is in the best interest of both estates, and it is further

2.     ORDERED, that immediately upon payment of the MeccaTech Payment, MeccaTech, Inc. shall pay to the O'Hara Trustee the sum of $65,000.00 from the MeccaTech Payment and immediately upon payment of the Fifth Third Bank Payment, Fifth Third Bank shall pay to the O'Hara Trustee the sum of $25,000.00 from the Fifth Third Payment and the SGS Trustee shall immediately pay the sum of $5,000.00 to the O'Hara Trustee (the "O'Hara Estate Payments"), and it is further

3.     ORDERED, that all claims of MeccaTech, Inc. against the Debtors SGS and ESP, in the amount of $23,990,980.00 are allowed and resolved as provided herein, and the claims of SGS and ESP against MeccaTech, Inc., are hereby settled and released in consideration of the payment of the MeccaTech Payment, on or before August 31, 2009, and the payment of the MeccaTech Payment shall constitute a mutual release of all claims by and between MeccaTech, SGS and ESP, and it is further

4.     ORDERED, that all claims of Fifth Third Bank against SGS, ESP and/or the O'Hara Estate, and all claims by each and among SGS, ESP and the O'Hara Estate are settled by the Fifth Third Payment by Philip J. Danaher, Esq., Chapter 7 Trustee for SGS, on or before August 31, 2009, and the delivery of a release of all liens and all claims by Fifth Third Bank against assets of the O'Hara Estate, and the payment of the Fifth Third Payment shall constitute a mutual release of all claims by and between MeccaTech, Fifth Third Bank, SGS, ESP and the O'Hara Estate subject to the terms contained herein at decretal paragraph 11, and it is further

5.     ORDERED, that any and all claims are released between Fifth Third Bank, MeccaTech and Sam X. Eyde related to ESP, SGS, Nebraska Association of School Boards ("NASB"), Gary Lange, the Nebraska and New York interpleader actions and any other matters that could have been raised related to those matters and/or pending disputes between them

4

whether in litigation or not, provided however, that the release shall not apply to any banking and/or deposit contracts and/or leases in place between Mr. Eyde and/or his affiliates and Fifth Third Bank.

6. ORDERED, that Philip J. Danaher, Esq., Chapter 7 Trustee for SGS, shall make no distributions, other than those to MeccaTech and Fifth Third Bank specifically provided in this Order, until the claims of the PASS Objectants and ISG arising in or out of Adversary Proceeding No. 09-90056 is finally resolved. and it is further

7. ORDERED, that the O'Hara Claims against the Debtors SGS and ESP shall be transferred and attach to the O'Hara Estate Payments, with the rights and claims of Joseph J. O'Hara, individually, and the O'Hara Trustee to said funds fully preserved, subject to adjudication by the Court in the O'Hara Chapter 7 Case as to the ultimate rights to said funds as between Joseph J. O'Hara, individually, and the O'Hara Trustee, and the O'Hara Claims shall not be paid in any distribution by the SGS or ESP Estates, and it is further

8. ORDERED, that the Objection of MeccaTech, Inc. to the allowance and payments to certain former employees or agents of SGS and/or ESP and/or their affiliates are preserved, but that this settlement shall not constitute a finding that those particular employees' claims cannot be paid, and it is further

9. ORDERED, that the funds remaining in the hands of the Chapter 7 Trustee for SGS shall be disbursed in accordance with the provisions of the Bankruptcy Code as though the SGS and ESP cases were consolidated, or as otherwise directed by the Court, and it is further

10. ORDERED, that the claim of MeccaTech, Inc. against the O'Hara Estate shall be allowed in the sum of $23,990,980.00 (the "MeccaTech Claim") of which $16,160,914.00 (the "Fully Subordinated MeccaTech Claim") shall be subordinated to all unsecured claims as

provided herein and the sum of $6,095,066.00 (the "Partially Subordinated MeccaTech Claim") shall be partially subordinated to all allowed unsecured claims as provided herein. The Partially Subordinated MeccaTech Claim shall be subordinated to the payment of 55% of the amount of the aggregate allowed unsecured claims ("Unsecured Claims") in the O'Hara Chapter 7 Case. If the distributions to the Unsecured Claims in the O'Hara Chapter 7 Case equal 55%, then the Partially Subordinated MeccaTech Claim shall be included in the O'Hara Chapter 7 Case for all additional distributions on a pro-rata basis, until the Unsecured Claims are paid. Thereafter, if funds remain in the Estate, MeccaTech may receive distributions until its Fully Subordinated Claim is paid in full, and it is further

11.    ORDERED, that upon receipt of the Fifth Third Payment, Fifth Third shall deliver to the O'Hara Trustee, at his sole discretion, either releases or assignments of all mortgages that Fifth Third Bank has against property of the Joseph O'Hara Estate, or any property of entities that are owned, directly or indirectly, either in whole or in part, by the Joseph O'Hara Estate, and Fifth Third Bank shall withdraw its proofs of claim filed in the Chapter 7 Case of Joseph O'Hara, and it is further

12.    ORDERED, that MeccaTech and Joseph O'Hara Estate consent to the amendment of the Bronfmans' proofs of claims in the Chapter 7 Case of Joseph O'Hara, without prejudice to the right to object.

13.    ORDERED, that the parties shall mutually seek the release of the funds currently held in the Nebraska District Court pursuant to the pending interpleader action commenced by the NASB, and all parties are ordered to execute any required stipulation necessary to achieve the release these funds, and it is further

1595219.7 7/31/2009

14.    ORDERED, that this Order shall constitute the authority necessary for counsel to ESP and counsel to SGS in this Court to execute any and all documents necessary to accomplish the release of said funds from the Nebraska District Court, and it is further

15.    ORDERED, that this Order shall constitute the consent of MeccaTech, Fifth Third Bank, SGS, and ESP to the release of said funds by the Nebraska District Court, and the Nebraska District Court is respectfully requested by this Court to release said funds in accordance with this Order without further proceedings, and it is further

16.    ORDERED, that in the event additional assets in excess of $300,000.00 are located and brought into either the ESP or SGS estates, all parties reserve their right to assert claims to participate in distributions from such new estate assets, notwithstanding the fact that certain parties have released or compromised their claims against the ESP and/or SGS Estates..

17.    ORDERED, that in the event the funds held in Nebraska District Court are not released by August 20, 2009, the SGS Trustee may apply to the Court (on notice to only ESP, MeccaTech, Fifth Third, Bronfmans and O'Hara Trustee) to extend the August 31, 2009, due date for the MeccaTech Payment and the Fifth Third Payment.

###